FILED

2019 MAY 13 PM 4: 15

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SACHIKO HASHIGUCHI,<br><br>                            Plaintiff,<br><br>    vs.<br><br>VICENTE C. BORJA,<br><br>                           Defendant. | Case No. DM0293-18<br><br>**DECISION AND ORDER** |

### INTRODUCTION

Defendant missed the deadline to amend his answer to the divorce complaint but now has filed a motion for leave to nevertheless amend the answer. This matter is before the Honorable Michael J. Bordallo. Plaintiff Sachiko Hashiguchi ("Plaintiff") is represented by Curtis C. Van de veld, Esq. of The Vandeveld Law Offices, P.C. Defendant Vicente C. Borja ("Defendant") is represented by Daniel S. Somerfleck, Esq. of Somerfleck & Associates, PLLC. Having considered the arguments and the applicable law, the Court hereby **GRANTS** Defendant's motion.

# BACKGROUND

This matter arises out of Defendant's Motion to Amend Answer to Complaint and Memorandum of Points and Authorities ("Motion"), filed Jan. 30, 2019. Plaintiff has not filed any responsive pleading to the Motion. The matter is now before the Court.

# FACTS

1. The parties were married on March 7, 2007 in Saipan, CNMI and separated April 18, 2018 after eleven years and one month of marriage.

2. There are no children of the marriage.

3. On May 17, 2018, a month after separating, Plaintiff filed a Complaint for Divorce ("Complaint").

4. That same day, Plaintiff also filed an Interlocutory Judgment of Divorce and a Final Judgment of Divorce. Appended to the Interlocutory Judgment of Divorce was a Marital Settlement Agreement the parties had executed a week earlier.

5. Also on May 17, 2018, Defendant, without counsel, filed an Answer and Uncontested Consent to Divorce.

6. Defendant later obtained counsel who entered an appearance on Jun. 14, 2018.

7. Four days after his counsel's appearance, on Jun. 18, 2018, Defendant filed an amended answer contesting the divorce. However, the amended answer was 12 days overdue based on the filing schedule required by the Guam Rules of Civil Procedure. Defendant ought to have first filed a motion for leave to file the amended answer.

8. In an order dated Jan. 15, 2019, the Court granted Defendant fifteen days to move the Court to file an amended answer, in spite of having missed the deadline. If Defendant did not do so, the Court would sign the Interlocutory Judgment of Divorce and Final

Judgment of Divorce in which Defendant agreed to the terms of the Marital Settlement Agreement.

9. Defendant met the Court's new deadline and on Jan. 30, 2019 filed a Motion to amend his answer to the Complaint.

10. Apparently Defendant then forgot that he filed the Jan. 30 Motion or otherwise mistakenly believed that he had not yet filed a motion to amend the answer because on Mar. 22, 2019 he filed another motion to amend his answer that was word-for-word identical to the Jan. 30 Motion, but with one less item in the appendix.

11. In the Mar. 22 motion, Defendant claimed that a law office error prevented him from filing the motion on time. He asked the Court to permit the motion in spite of having missed the deadline. As previously stated, he actually had not missed the deadline but met the deadline by filing the Motion on Jan. 30, 2019.

12. The appendices of both motions include Defendant's Second Amended Answer to Complaint for Divorce and Counterclaim ("Second Amended Answer").

13. Defendant also filed on Mar. 22 a separate filing also entitled Defendant's Second Amended Answer to Complaint for Divorce and Counterclaim that was independent of the Mar. 22 motion.

14. Each of the three Second Amended Answers is word-for-word identical.

15. Because the Jan. 30 Motion met the deadline, the Court will recognize that Motion and disregard the identical Mar. 22 motion.

16. The matter is now before the Court.

**ISSUE**

1. Whether to grant Defendant's Motion to Amend Answer to Complaint.

## PRINCIPLES OF LAW

Rule 15 of the Guam Rules of Civil Procedure ("GRCP") states, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served." Guam R. Civ. P. 15(a). The Rule also states that courts should freely grant leave to amend "when justice so requires." Id. The Supreme Court of Guam has stated that GRCP Rule 15(a) "is governed by a liberal policy, weighted in favor of granting amendment. (citations omitted). The rule bestows upon a plaintiff a right, albeit a qualified one, to have his or her valid claim heard on the merits." M Elec. Corp. v. Phil-Gets (Guam) Int'l Trading Corp., 2016 Guam 35, ¶ 53. The Supreme Court of Guam has also stated, "Federal courts grant leave to amend liberally and deny a request to amend only when an apparent reason for denying the amendments exists." Id. at ¶ 42. The Supreme Court of Guam further stated that "outright refusal to grant the leave without any justifying reason amounts to an abuse of the trial court's discretion and is inconsistent with the spirit of the rules of procedure." Id. (See Foman v. Davis, 371 U.S. 178, 182 (1962)). The Supreme Court of Guam quoted the U.S. Supreme Court, which explained that reasons for not granting leave to amend include if there is undue delay, bad faith or other dilatory motive on the part of the movant, undue prejudice to the nonmoving party, futility of amendment, etc. See id.

## ANALYSIS

The Court sees no justifying reason to deny Defendant's Motion. Defendant filed his original Answer without counsel, and by the time he obtained counsel, the deadline to file an amended answer had passed. Defendant nevertheless filed an amended answer within days of obtaining counsel, but since the deadline had passed, he ought to have filed a motion for Court

permission to file the amended answer, under GRCP 15. Now that Defendant has filed the Motion to amend the answer, the Court sees no evidence of bad faith, undue delay, or dilatory motive on the part of the movant. The Court does not anticipate that granting the Motion will unduly prejudice Plaintiff, nor does the amendment appear to be futile. As such, the Court will grant Defendant's Motion.

Simultaneously with the Motion, Defendant filed Defendant's Second Amended Answer. Because the Court will grant the Motion, the Court will view the Second Amended Answer as having been filed on the same day as this order granting the Motion.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** Defendant's Motion to Amend Answer to Complaint and Memorandum of Points and Authorities. The Court views Defendant's Second Amended Answer as having been filed the same day as this Decision and Order is issued. Under GRCP 12(a), Plaintiff may now serve a reply to the counterclaim in the Second Amended Answer within 20 days of this order, and the case will proceed in standard fashion.

SO ORDERED, this ___13___ day of ___May___ 2019.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
Van De Veld;
Somerfleck
Date 5/13/19 Time: 4:30 pm
Deputy Clerk, Superior Court of Guam